

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00001-CR

LAMARCUS CRINER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 202nd District Court
Bowie County, Texas
Trial Court No. 14F0911-202

Before Morriss, C.J., Moseley and Burgess, JJ.

ORDER

LaMarcus Criner was convicted by a Bowie County jury of aggravated robbery with a deadly weapon. Following Criner's conviction, he exercised his right to appeal, and an attorney was appointed to represent him on appeal. Criner's appointed appellate counsel recently filed a brief citing *Anders v. California*, 386 U.S. 738 (1967), claiming to have found no meritorious grounds upon which to challenge Criner's conviction and sentence.

Under *Anders* and its progeny, Criner has a constitutional right to review the appellate record and to file a pro se response to his attorney's *Anders* brief. *Id*, 745; *see also Stafford v. State*, 813 S.W.2d 503, 510 (Tex. Crim. App. 1991). As the Texas Court of Criminal Appeals recently stated, once an *Anders* brief is filed and the appellant informs the court of appeals that he desires to review the record, "the court of appeals has the ultimate responsibility to make sure that, one way or another[,] . . . the appellant is granted access to the appellate record so that he may file his response . . . before [the court of appeals] rules on the adequacy of the *Anders* brief . . . ." *Kelly v. State*, 436 S.W.3d 313, 315 (Tex. Crim. App. 2014).

Criner has requested access to the appellate record in this matter, and his counsel provided him a paper copy of the record for his review. However, a portion of Criner's record—four exhibits consisting of eight separate files—were stored using the MPEG-4 Part 14 (MP4) digital multimedia format and were filed with this Court as MP4 files. State's Exhibit 5 is a single MP4 file that is one minute, thirty seconds in duration. State's Exhibit 21 is a single file that is thirteen minutes, fifteen seconds in duration. State's Exhibit 23 is a two-part file: Part 1 is forty-three minutes, nine seconds in duration, and Part 2 is twenty-eight minutes, forty-one seconds in

2

duration. State's Exhibit 24 is a four-part file: Parts 1–3 are twenty-eight minutes, eighteen seconds in duration each, and Part 4 is twenty-four minutes, thirty-one seconds in duration. Altogether, the files require just less than three hours, sixteen minutes to view.

This Court is ultimately responsible for ensuring that Criner is permitted to view and listen to each of the eight MP4 files that are a part of his appellate record. *See Kelly*, 436 S.W.3d 313. In furtherance of our responsibility and in an effort to work with the James Bradshaw State Jail in Henderson, Texas, where Criner is incarcerated, we asked our clerk to contact prison officials to determine the best means of accomplishing this goal. Our clerk was informed that this goal could not be accomplished because the James Bradshaw State Jail does not have any electronic device capable of playing or displaying an MP4 file. That response is unsatisfactory in light of Criner's constitutional right to review his appellate record and to file a pro se response.

As a preliminary matter, we recognize that the Texas Department of Criminal Justice Correctional Institutions Divisions, generally, and the James Bradshaw State Jail, specifically, must maintain a set of procedures in order to assure the safety of both its staff and its inmates, and our intent is not to detrimentally affect the safe and efficient operation of this institution. That said, we must discharge our obligation to ensure that Criner is permitted full and complete access to each of the eight MP4 files that are included in his appellate record.

Consequently, we hereby order that Robert Shaw, in his capacity as the warden of the James Bradshaw State Jail, take the steps necessary to provide Criner with the means of viewing and listening to the eight MP4 files that are part of his appellate record in this matter. We will not dictate precisely how this must be accomplished, only that it must be done, either by Shaw or by

his designee.  In the circumstance that proper electronic equipment cannot be made available at the James Bradshaw State Jail to enable Criner to view and listen to the eight MP4 files onsite, then Robert Shaw is ordered to cause Criner to be transported to another secure location within the Texas Department of Criminal Justice Correctional Institutions Division containing the proper electronic equipment and at which Criner can be permitted to view and listen to the eight MP4 files.  Criner should be allowed to view and listen to each file at least two times, if he so desires. We do not require that Criner be allowed to operate any equipment, simply that he be furnished with a means of viewing and listening to the MP4 files twice each from beginning to end.

Shaw must comply with the dictates of this order or on or before December 2, 2016.  We further order that within twenty-four hours of the time that Criner has been given the opportunity to view and listen to the digitally-recorded MP4 files that this has been accomplished, specifically informing this Court of the steps taken to achieve this objective. Should Criner elect to not take the opportunity to view and listen to the said MP4 files, then Shaw is directed to inform this Court when that election was made.  The clerk of this Court, or her appointee, is hereby ordered to forward this order along with a single DVD containing the eight MP4 files referenced in this order to Shaw at the address of the James Bradshaw State Jail.

IT IS SO ORDERED.


BY THE COURT

Date:   November 22, 2016


4